| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:17-cr-148-LJO-SKO-1** |
| **Plaintiff,** | **ORDER RE REQUEST FOR TRANSCRIPT AND OTHER DOCUMENTS (ECF NO. 19)** |
| **v.** | |
| **RUBEN BARAJAS-GUERRERO,** | |
| **Defendant.** | |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Defendant pled guilty on September 25, 2017 to one count of possession with intent to distribute methamphetamine. ECF Nos. 12-14. He was sentenced on December 18, 2017 to 262 months' incarceration and 60 months' supervised release. ECF Nos. 17 &18. Defendant has now filed a request for a copy of his plea agreement, sentencing transcript, and any objections to his presentence report because he is "trying to file [his] 28 U.S.C. [§] 2255" motion. ECF No. 19.

As to the request for his sentencing transcript, which has yet to be prepared for any party or purpose in this case, 28 U.S.C. § 753(f) provides that the United States shall pay the fee for transcripts furnished in criminal proceedings under the Criminal Justice Act (18 U.S.C. § 3006A) or in a non-frivolous habeas corpus proceeding where the defendant has been permitted to proceed in forma

1

pauperis. *United States v. Lucatero*, No. 05–cr–0443–WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) (citing 28 U.S.C. § 753(f)). "A prisoner is not constitutionally or statutorily authorized to receive free copies of transcripts simply because he intends to bring a § 2255 petition for post-conviction relief in the future." *Id*. 28 U.S.C. § 753(f) further provides that fees for transcripts in § 2255 proceedings shall be paid by the United States under the statute if the defendant is "permitted to sue or appeal in forma pauperis," and, "if the trial judge . . . certifies" that (1) "the suit or appeal is not frivolous"; and, (2) "that the transcript is needed to decide the issue presented by the suit or appeal." *See also Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal").

Because Defendant has yet to file any post-conviction motions, under 28 U.S.C. § 735(f), Defendant's request for a free copy of his transcript is therefore premature and cannot be entertained at this time. *See United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *see also Lucatero*, 2007 WL 1747077, at *2 ("The vast majority of courts have interpreted [28 U.S.C. § 753(f)] to mean that until a prisoner actually 'brings a proceeding under section 2255,' he is not entitled under § 753(f) to have costs for creating or copying such transcripts or other documents paid by the United States."). In the absence of Defendant actually filing a post-conviction motion, the Court cannot determine whether that motion is frivolous, as required by § 753(f).[1] Therefore, his request for a free copy of his sentencing transcript is **DENIED**. Defendant is free to request that the transcript be prepared at his own expense. **Accordingly, the Clerk of Court is directed to serve on Defendant a transcript request form along with a copy of this order**.

As for Defendant's request for a copy of any objections to the presentence report, the Court can

---

[1] The Court notes that Defendant's plea agreement precludes him from filing most forms of collateral attack motions. *See* ECF No. 12 at 7.

confirm that no such objections were filed.

Because the plea agreement is a public record of modest length, Defendant's request for a copy of it is **GRANTED** as a courtesy. **The Clerk of Court is also directed to serve a copy of the plea agreement, ECF No. 12, on Defendant along with this order.**

IT IS SO ORDERED.

Dated: __**June 6, 2018**__             _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES CHIEF DISTRICT JUDGE