# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Respondent,<br><br>      v.<br><br>RUBEN BARAJAS-GUERRERO,<br><br>        Defendant-Petitioner. | 1:17-cr-00148-LJO-SKO-1<br><br>**ORDER GRANTING REQUEST FOR TRANSCRIPTS (ECF No. 27)** |

      Petitioner Ruben Barajas-Guerrero pleaded guilty on September 25, 2017, to one count of possession with intent to distribute methamphetamine. ECF Nos. 12-14. He was sentenced on December 18, 2017, to 262 months' incarceration and 60 months' supervised release. ECF Nos. 17 & 18. On June 1, 2018, Petitioner filed a request for a copy of his plea agreement, sentencing transcript, and any objections to his presentence report because he is "trying to file [his] 28 U.S.C. [§] 2255" motion. ECF No. 19. The Court granted that request in part but denied as premature the request for the sentencing transcript. ECF No. 20 (citing, *inter alia*, *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990) ("Although Connors is indigent, he has not filed a habeas petition, and therefore is not entitled to copies of his trial transcript at government expense until he does so."); *United States v. Lucatero*, No. 05–cr–0443–WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) ("A prisoner is not constitutionally or statutorily authorized to receive free copies of transcripts simply because he intends to bring a § 2255 petition for post-conviction relief in the future.")).

      On July 26, 2018, Petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255. ECF No. 21. On November 5, 2018, he moved again for copies of the sentencing transcripts in order to prepare the reply in support of his petition. ECF No. 27. Because Petitioner captioned the request as one for his sentencing transcript "along with any other sentencing transcripts," the Court construes the request as one for transcripts of the sentencing hearing and the change-of-plea hearing.

Petitioner's request for a free copy of the transcripts is governed by 28 U.S.C. § 753(f), which provides that the United States shall pay the fee for transcripts furnished in criminal proceedings under the Criminal Justice Act (18 U.S.C. § 3006A) or in a non-frivolous habeas corpus proceedings where the defendant has been permitted to proceed in forma pauperis. *Lucatero,* 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) (citing 28 U.S.C. § 753(f)). 28 U.S.C. § 753(f) further provides that fees for transcripts in § 2255 proceedings shall be paid by the United States under the statute if the defendant is "permitted to sue or appeal in forma pauperis," and "if the trial judge . . . certifies" that (1) "the suit or appeal is not frivolous" and (2) "that the transcript is needed to decide the issue presented by the suit or appeal." *See also Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal").

Petitioner asserts in his § 2255 motion that he suffered from ineffective assistance of counsel because his attorney failed to argue "several points" in the PSR and did not inform Petitioner that he was subject to sentencing as a career offender. The § 2255 motion also asserts that the proceedings had "[v]arious procedural errors," including because he was sentenced as a career offender without prior notice. The Government's opposition to the petition argues that Petitioner's plea agreement waived both of the sentencing claims, that he procedurally forfeited the claims, and that there was, in any case, no ineffective assistance of counsel at the sentencing hearing. ECF No. 28. The Government's opposition repeatedly cites both the change-of-plea hearing and the sentencing hearing, and the transcripts of those hearings will be necessary to the Court's decision, satisfying the second prong of 28 U.S.C. § 753(f). As

for the first prong of 28 U.S.C. § 753(f), while petitioner's § 2255 motion may not be successful, the Court cannot say that it is frivolous. Accordingly, Petitioner's request for transcripts is **GRANTED**. **The Clerk of Court is directed to serve copies of the transcripts of the change-of-plea hearing and sentencing hearing, ECF Nos. 24 & 25, on Petitioner along with this order.**

IT IS SO ORDERED.

    Dated:   **December 4, 2018**          /s/ Lawrence J. O'Neill
                                                    UNITED STATES CHIEF DISTRICT JUDGE