UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN BARAJAS-GUERRERO,<br><br>Defendant. | No. 1:17-CR-00148-NONE<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 21) |

**INTRODUCTION**

Ruben Barajas-Guerrero ("movant"), a federal prisoner proceeding pro se, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). (Doc. No. 21.) The government has filed its opposition to the pending motion and movant has filed his reply thereto. (Doc. Nos. 28, 33.) For the reasons explained below, movant's motion will be denied.

**BACKGROUND**

In September 2017, movant signed a plea agreement and entered his plea of guilty to one count of possession with intent to distribute 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 12.) The parties' plea agreement stated that the

1

court would consult the federal sentencing guidelines and take them into account when determining movant's sentence and, that while the government would recommend a sentence at the low end of the applicable advisory sentencing guideline range, the court was not bound to follow that recommendation and was free to impose a sentence up to the maximum sentence of imprisonment. (*Id*. at 5–6.) Movant's plea agreement additionally made clear that movant would be barred from appealing or collaterally attacking his guilty plea, conviction, and sentence except under very narrow and specifically identified circumstances. (*Id*. at 7.) The advisory U.S. Sentencing Guidelines were ultimately determined to call for a term of imprisonment in movant's case ranging from 262 to 327 months in prison. (Doc. No. 16 ("PSR") at 17.) This advisory sentencing guideline range was based upon the recommendation that movant be found to be a career offender given his two prior controlled substance offense convictions. The U.S. Probation office recommended a sentence of 262 months in prison. After neither party filed formal objections to the PSR, the then-assigned District Judge sentenced movant to 262 months in the custody of the U.S. Bureau of Prisons, the low end of the advisory guideline range, with a 60 month term of supervised release to follow. (Doc. No. 25 at 3.)

On July 26, 2018, movant submitted a motion under 28 U.S.C. § 2255. (Doc. No. 21.) In movant's pending § 2255 motion, he argues that his attorney provided him ineffective assistance ("IAC") by failing to inform movant that he might be sentenced as a career offender and by failing to argue "several points" raised in the PSR in his case. (Doc. No. 21 at 5.) Movant also argues that the government and the court committed "various procedural errors" when they did not object at sentencing to movant being sentenced as a career offender. (*Id*.) The government filed its opposition to the grounds for relief raised in movant's pending § 2255 motion on November 26, 2018, (Doc. No. 28), and movant timely filed his reply after the granting of an extension of time to do so on March 4, 2019. (Doc. No. 33.)

**LEGAL STANDARD**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th

Cir. 1988). A § 2255 motion entitles a federal prisoner to relief "[i]f the court finds that . . . there has been . . .a denial or infringement of the constitutional rights of the prisoner . . . ." 28 U.S.C. § 2255(b).

Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). To warrant the granting of relief, a movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

As a *pro se* litigant, the movant's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, the requirement of liberal construction does not mean that the court can ignore an obvious failure to allege facts that set forth a cognizable claim. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("We also concur in the dismissal of the allegations concerning the photographic array shown to some witnesses as vague, conclusory and without any facts alleged in support of the claim."); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

**ANALYSIS**

Movant raises two claims in his pending § 2255 motion: (1) that his attorney provided ineffective assistance of counsel by failing to make certain unspecified arguments related to

movant's PSR, and (2) that the government and the court committed procedural error in sentencing movant as a career offender without proper notice being provided to movant of that possibility. (Doc. No. 21 at 5.)[1]

**A.     Ineffective Assistance of Counsel**

Movant claims that he received IAC because he had instructed his trial court counsel to "argue several points" in objecting to movant's PSR, but counsel ultimately "did not argue any thing [sic] at all." (Doc. No. 21 at 5.) Movant also states that his counsel before the sentencing court never informed movant that he could be sentenced as a career offender. (*Id*.)

As previously noted, movant entered a plea of guilty pursuant to a plea agreement that included a waiver of his right to collaterally attack his conviction and sentence. However, "[c]laims that the plea or waiver itself was involuntary or that ineffective assistance of counsel rendered the plea or waiver involuntary [] may not be waived." *Davies v. Benov*, 856 F.3d 1243, 1246 n.2 (9th Cir. 2017). Thus, the court will first address whether defendant's plea agreement, which contains a waiver preventing movant from collaterally attacking his sentence, was entered into voluntarily and knowingly.

Movant's first claim, that his counsel failed to "argue several points" with respect to the PSR prepared in his case, is conclusory and lacking in facts and details. Movant has not explained what points regarding the PSR or otherwise he believes his counsel should have raised at his sentencing hearing. The conclusory nature of movant's claims cannot support the granting of § 2255 relief. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support the granting of relief).

Movant's second claim, that he pleaded guilty without knowing that he could be sentenced as a career criminal and thus subject to a sentencing enhancement, is also insufficient

---

[1] The court assumes without deciding that movant's claims have been timely brought, despite the fact that several of them were not adequately described until the filing of movant's reply brief. (Doc. No. 33.)

to warrant § 2255 relief. To establish that his attorney provided ineffective assistance of counsel by failing to inform movant of his possible career criminal status, the movant must show that his attorney's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel.")

Counsel is constitutionally deficient if his representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 687–88. To prevail on an IAC claim with respect to representation provided in connection with the plea-bargaining process, movant must demonstrate that the advice from his counsel was "so incorrect and so insufficient that it undermined [movant's] ability to make an intelligent decision about whether to accept the [plea] offer." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002).

Here, movant claims that his attorney was deficient in failing to inform movant that he might be sentenced to a greater term of imprisonment than the 132 month sentence that he claims to have anticipated. (Doc. No. 33 at 8.) To demonstrate prejudice from this alleged failure, movant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Here, movant cannot demonstrate a reasonable probability that he would have elected to proceed to trial if he had known the sentence he would receive because, as described below, movant *was* informed prior to entering his plea—by the court, if not by his counsel—that the sentence he could receive was any sentence between ten years and life imprisonment.

While movant claims to have been unaware that accepting the plea meant the possibility of a sentence longer than 132 months, the plea agreement which he signed and stated he understood makes clear that "[t]he Court is not a party to this agreement" and that "neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence [movant] will receive" as a result of the plea. (Doc. No. 12 at 2.) The plea agreement also made clear that movant's sentence could be anything between the applicable

5

mandatory minimum of ten years in prison up to "lifetime incarceration." (*Id*. at 5–6.) At his plea colloquy, movant confirmed his understanding that "the maximum possible sentence in this case is life," and that the court would "consider the federal guidelines in sentencing" but was "not obligated to follow them" in reaching the ultimate sentencing decision. (Doc. No. 24 at 3–6.) Movant was also explicitly advised that he could not withdraw his plea in the event that the court-imposed a sentence that was higher than that anticipated by movant. (Doc. No. 24 at 6.) After being so advised, movant confirmed his understanding and informed the court that he did not have any questions about the terms of his plea agreement. (*Id*.)

The court also notes that the career criminal adjustment was included in movant's PSR, which he reviewed prior to his sentencing. (Doc. No. 16 at 17). Movant was given the opportunity to object to the PSR at sentencing, but he did not—nor did he move to withdraw his plea prior to his sentencing after learning the applicable guideline range as outlined in the PSR. *See* Fed. R. Crim. P. 11(d)(2)(B). Instead, movant confirmed to the court that he had reviewed the PSR with his attorney, had no questions concerning it, and did not wish to make any further statements to the court prior to being sentenced. (Doc. No. 25 at 3.)

In light of all of the above, movant's claim that his plea was not knowing and voluntary due to the claimed IAC is without merit.

**B.     Procedural Errors at Sentencing**

Movant argues that he is entitled to relief from his sentence due to two procedural errors he claims were made by the court and the government at or prior to his sentencing. Both of these alleged errors focus on the court's treatment of movant as a career offender under the advisory sentencing guidelines. First, movant argues that the court failed to comply with 21 U.S.C. § 851 before imposing a sentence impacted by movant's prior convictions in state court for possession of a controlled substance for sale. (Doc. No. 33 at 4.) However, § 851 does not apply to career offender designations under the sentencing guidelines. Section 851 is a procedural statute enacted to provide a defendant an opportunity to challenge any previous convictions on which an enhanced sentence may be based and make an informed decision about whether to plead guilty. *United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2004). However, § 851 only applies "when

the government seeks to obtain the increased *statutory* penalties provided in 21 U.S.C. §§ 841–858 . . . [t]he career offender provision of the Guidelines. . . does not entail increasing the statutory penalties for the defendant's crime." *United States v. McDougherty*, 920 F.2d 569, 574 (9th Cir. 1990) (emphasis added).

Second, movant argues that the government never established that his prior convictions qualified as "controlled substance offense[s]" that would elevate him to career offender status under the sentencing guidelines. Movant does not argue that his prior convictions do *not* qualify as predicate offenses; he merely argues that the court did not make a proper determination and should reconsider its determination that he qualified for career offender status. (Doc. No. 33 at 7–8.) However, reconsideration of that sentencing determination is not warranted at this time because movant waived this claim pursuant to the terms of his plea agreement.

"A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *Davies*, 856 F.3d at 1246–47 (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)). Such waiver is enforceable even though the defendant "may not know the specific detailed consequences of invoking it," *United States v. Ruiz*, 536 U.S. 622, 629–30 (2002), may "not be aware of possible grounds of appeal" or "the severity of the sentence that will be imposed," *United States v. Lo*, 839 F.3d 777, 784 (9th Cir. 2016).

At a plea hearing, "[a] district court is required to inform the defendant of 'the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence,'" and if the district court does so, the Ninth Circuit has held that such procedure is "sufficient to find a knowing and voluntary waiver." *Lo*, 839 F.3d at 785 (citations omitted); *see also* Fed. R. Crim. P. 11(b)(1)(N). Accordingly, in determining whether a waiver was knowingly and voluntarily made, courts must consider the "circumstances surrounding the signing and entry of the plea agreement. . . ." *Id.* at 783; *see also United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009) (holding there was no plain error in failing to strictly comply with Rule 11(b)(1)(N) where there was an otherwise "diligent colloquy" and defendant provided "written assurances that he

adequately reviewed the terms of the plea agreement"); *United States v. Cisneros-Cuevas*, No. 15-cr-1837-BAS, 2017 WL 432817, at *2 (S.D. Cal. Jan. 31, 2017) (concluding the defendant "waived his right to file this collateral attack on his sentence" because he "agreed to waive his right to attack the conviction or sentence" in his plea agreement). "A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing." *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).

Here, movant's waiver of rights is enforceable. First, the waiver language in his plea agreement encompasses collateral attacks on his conviction and sentence under § 2255. *See Davies*, 856 F.3d at 1246–47. Specifically, his signed plea agreement provided that: "regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 25 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims." (Doc. No. 12 at 7.) At his change of plea hearing, movant confirmed on the record that he understood the terms of his plea agreement, had no questions about those terms, agreed to those terms, and had signed his plea agreement. (Doc. No. 24 at 3–8.) The court and movant engaged in the following colloquy:

> Q: [] I have your plea agreement here, and there are two places, the last two pages you have signed, I think. Are those your signatures?
>
> A: Yes.
>
> Q: Those signatures indicate to me that you have had a chance to go through all of this document with your lawyer, with the help of an interpreter, and if you had questions, you asked, he answered to your satisfaction, and you don't have other questions about this plea agreement. Is that what those two signatures meant to you?
>
> A: Yes.
>
> . . .
>
> Q: And you understand you are giving up your right to appeal?
>
> A: Yes.
>
> . . .
>
> Q: Do you have any questions about this plea agreement now?
>
> A: No.

8

1 . . .

2 Q: Is anybody forcing your or threatening you in any way to get you
3 to do this?

A: No.

4
Q: Is anybody promising you anything other than what's in your plea
5 agreement?

6 A: No.

7 . . .

8 Q: Do you have any questions at all?

9 A: No.

10 . . .

11 THE COURT: Court accepts the knowing, intelligent, and voluntary
waiver of rights, knowing, intelligent, and voluntary change of plea.
12

13 (Doc. No. 24 at 3:3–13, 4:8–9, 4:25–5:1, 5:25–6:5, 6:15–16, 7:24–8:1.)

14  Thus, movant stated on the record that he understood his plea agreement, he was not

15 threatened or coerced in entering his plea agreement, and he had no questions regarding any part

16 of his plea agreement. (*Id.*)  This "diligent colloquy" sufficiently establishes that movant

17 knowingly and voluntarily entered into his plea agreement, thereby waiving his right to

18 collaterally attack his conviction and sentence. *See Watson*, 582 F.3d at 987; *see also Blackledge*

19 *v. Allison*, 431 U.S. 63, 73–74 (1977) (The representations of a defendant at a plea hearing

20 constitute "a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in

21 open court carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236–37

22 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong

23 presumption of veracity in subsequent proceedings attacking the plea.").  Movant acknowledged

24 that the signature on his plea agreement was his and confirmed that the signature represented that

25 he understood the terms of his plea.  This further supports the conclusion that movant voluntarily

26 and knowingly waived his right to collaterally attack his plea, conviction and sentence. *See*

27 *Cisneros-Cuevas*, 2017 WL 432817, at *2.

28 /////

Movant's knowing and voluntary waiver of his appellate and collateral attack rights would not apply if movant had been subject to an illegal sentence. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). An illegal sentence would be one that "exceed[ed] the permissible statutory penalty for the crime or violate[d] the Constitution." *Id*. Movant's designation as a career offender did not elevate the applicable statutory minimum mandatory or maximum sentence as, for instance, a conviction under the Armed Career Criminal Act does. *See* 18 U.S.C. § 924(e)(1). Movant's career offender designation also did not impose a new conviction and sentence which would trigger a separate, additional statutory penalty, as a conviction under 18 U.S.C. § 924(c) does. *See* 18 U.S.C. § 924(c)(1)(a), (D)(ii). Movant's sentence that was impacted by the determination that he qualified as a career offender did not result in the imposition of a sentence exceeding the permissible statutory penalty for his offense of conviction. Movant's sentence also did not violate the Constitution. "The sentencing guidelines in general, and the career offender provision in particular, have not been held to violate the Constitution." *United States v. Romero*, No. CR 12-51-GF-BMM, 2017 WL 4574968, at *3 (D. Mont. Oct. 13, 2017), *aff'd*, 780 F. App'x 551 (9th Cir. 2019). Because movant's sentence was not illegal, his waiver of his right to appeal or collaterally attack his plea, conviction and sentence as set forth in his plea agreement applies and is enforceable here.

## CONCLUSION

For the reasons stated above, movant Ruben Barajas-Guerrero's § 2255 motion (Doc. No. 21) is DENIED with respect to all claims asserted.

IT IS SO ORDERED.

Dated: **December 28, 2021**

_____
UNITED STATES DISTRICT JUDGE

10