UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN BARAJAS-GUERRERO,<br><br>Defendant. | No. 1:17-cr-00148-JLT-SKO<br><br><u>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE</u><br><br>(Doc. 54) |

Ruben Barajas-Guerrero moves the Court *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 54.) The government opposes this motion, (Doc. 57), and Barajas-Guerrero did not file a reply, and the time to do so has now passed. For the reasons explained below, Barajas-Guerrero's motion is **DENIED**.

## BACKGROUND

On September 25, 2017, Barajas-Guerrero pled guilty to a count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Docs 12, 14.) His adjusted offense level was 34, and his criminal history placed him in category VI, resulting in an advisory sentencing guidelines range of 262–327 months. Barajas-Guerrero was sentenced on December 18, 2017, to 262 months in prison with a 60-month term of supervised release to follow. (Docs. 17; 18 at 2–6.) Barajas-Guerrero is currently serving his sentence at the U.S. Bureau of Prisons' ("BOP") Lompoc Federal Correctional Institution in Lompoc, California ("FCI Lompoc") with a

1

projected release date of December 31, 2034.  *See Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited June 28, 2023.)

The instant motion is Barajas-Guerrero's third motion for compassionate release.  The two prior motions for compassionate release were denied (Docs. 47, 53), as were his prior motion to set aside or correct his sentence under 28 U.S.C. § 2255.  (Docs. 51, 63).  Barajas-Guerrero's first motion for compassionate release requested relief on the grounds that his many medical conditions put him at risk of complications if he were to contract COVID-19.  (Doc. 37.)  The Court denied that motion because Barajas-Guerrero was fully vaccinated against COVID-19, which greatly limited his risk of complications.  (Doc. 47 at 9–11.)

Barajas-Guerrero subsequently filed a one-page motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) with no further details.  (Doc. 48 at 1.)  Barajas-Guerrero's counsel, previously appointed pursuant to Eastern District of California General Order 595 in connection with Barajas-Guerrero's initial motion for compassionate release, declined to assist with Barajas-Guerrero's subsequent motion and withdrew as counsel.  (Doc. 49.)  Under these circumstances, the Court declined to appoint new counsel and denied Barajas-Guerrero's motion as lacking justification for relief.  (Doc. 53.)

Three months later, Barajas-Guerrero filed the instant motion.  (Doc. 54.)  This time, Barajas-Guerrero contends that he should be released because he suffers from many health conditions which are not being properly treated in custody and "put him in a great risk for any and all viral infections especially COVID 19".  (Doc. 54 at 42.)  Barajas-Guerrero also mentions briefly that his 78-year-old mother requires his care now that his sibling and father have passed away.  (Doc. 54 at 44–45.)

**LEGAL STANDARD**

A court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.").  Those limited circumstances include compassionate release in extraordinary cases.  *See United States v. Holden*, 452 F. Supp.

3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA") imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

The policy statement with respect to compassionate release in the U.S. Sentencing Guidelines sets out criteria and circumstances describing "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13;[1] *see also United States v. Gonzalez*, 451 F. Supp. 3d 1194, 1197 (E.D. Wash. 2020) (noting that courts "universally" rely on U.S.S.G. § 1B1.13 to define "extraordinary and compelling reasons," even though that policy statement was issued before Congress passed the FSA and authorized defendants to file compassionate release motions). However, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). "In other words, the

---

[1] The Sentencing Guidelines also require that to be granted a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), the defendant must not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

3

Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* The Ninth Circuit clarified that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). Finally, a defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

## ANALYSIS

To qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court must consider three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Third, the district court must also consider "the factors set forth in Section 3553(a) to the extent that they are applicable." *Id.*

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (C.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, 16-CR-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *Parker*, 461 F. Supp. 3d at 973–74; *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in §3553(a)).

**A.     Administrative Exhaustion**

Pursuant to 18 U.S.C. § 3582(c)(1), an inmate may only file a motion for sentence reduction after the Bureau of Prisons denied his request or after 30 days have passed since BOP received his request. The government argues that Barajas-Guerrero has not exhausted his administrative remedies as to the instant motion because his only administrative request for relief was submitted in 2020, before his two prior compassionate release motions were denied. (Doc. 57 at 6.) The Court need not decide whether Barajas-Guerrero properly exhausted his administrative remedies, because his motion fails substantively on other grounds.

4

**B.     Extraordinary and Compelling Reasons**

"Extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, or "other reasons." U.S.S.G. § 1B1.13, cmt. n.1 (A)–(D).

Barajas-Guerrero first argues that he should be released because he has many health conditions which are not properly treated in custody and which expose him to a risk of COVID-19 complications.  As discussed in the Court's prior Order, BOP records indicate that Barajas-Guerrero suffers from many health conditions, including Type 2 diabetes, obesity, chronic ischemic heart disease, hyperlipidemia, essential (primary) hypertension, asthma, and depressive disorder.  (Doc. 47 at 9–10.)

Barajas-Guerrero's motion alleges that BOP failed to control his diabetes by not providing Barajas-Guerrero with a diet and weight management plan. (Doc. 54 at 41.)  He also alleges that he has suffered from chronic leg edema since 2017, which was not addressed and subsequently led to a leg ulcer and rash on multiple occasions.  Lastly, Barajas-Guerrero complains that BOP has not provided diagnostic testing or treatment for his sleep apnea, which first presented in 2021. (Doc. 54 at 42.)

Medical conditions may warrant compassionate release where a defendant is suffering from a terminal illness or a serious functional or cognitive impairment, or where a defendant is experiencing deteriorating physical or mental health because of the aging process.  To qualify as "extraordinary and compelling," the ailment must substantially diminish the defendant's ability to provide self-care within the environment of a correctional facility and be a condition from which the defendant is not expected to recover.  U.S.S.G. § 1B1.13, cmt. n.1 (A)(i) & (A)(ii).[2]

Barajas-Guerrero's medical records do not demonstrate that his conditions are so serious and so poorly treated as to diminish his ability to provide self-care within the environment of a correctional facility.  Indeed, it appears that Barajas-Guerrero has been repeatedly counseled on a healthy diet, and his other conditions are being treated.  (*See, e.g.*, Doc. 62 at 8, 12, 16, 31, 39).

---

[2] Compassionate release may also be warranted where defendants are at least 65 years old, are experiencing serious age-related deterioration, and have served at least 10 years or 75 percent of their imprisonment term, whichever is less.  These factors are not relevant to Barajas-Guerrero, who is only 50 years old.

5

1  Though the Court recognizes that some of Barajas-Guerrero's conditions are serious, mere
2  chronic conditions that can be managed in prison are not a sufficient basis for compassionate
3  release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020).

4  Nor does the risk of COVID-19 constitute an extraordinary and compelling circumstance
5  in this case.  As the Court previously found, Barajas-Guerrero is fully vaccinated against COVID-
6  19, and he has not offered evidence that his conditions place him at an elevated personal risk of
7  severe harm despite the vaccine's protections.  *See* Doc. 47 at 8–10; *United States v. Smith*, 538
8  F. Supp. 3d 990, 999 (E.D. Cal. May 11, 2021) (When a defendant is vaccinated, there is a
9  rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and
10 compelling" reason under § 3582(c)(1)(A)(i).  A defendant can rebut this presumption by offering
11 evidence of an elevated personal risk of severe harm despite the protections of vaccination.)

12 Finally, Barajas-Guerrero argues that the Court should grant relief because his mother
13 needs his care.  Section 1B1.13 provides that extraordinary and compelling "family
14 circumstances" warranting relief may include "[t]he death or incapacitation of the caregiver of the
15 defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or
16 registered partner when the defendant would be the only available caregiver for the spouse or
17 registered partner."  U.S.S.G. § 1B1.13, cmt. n.1 (C).  This policy statement guides, rather than
18 limits, the Court's discretion as to what constitutes an extraordinary and compelling family
19 circumstance.  Some courts, for example, have found that a parent in need of care —instead of a
20 spouse or partner—constitutes an extraordinary and compelling family circumstance warranting
21 relief.  *See U.S. v. Alvarado*, 569 F. Supp. 3d 1039, 1042 (S.D. Cal. 2021).

22 Barajas-Guerrero's motion briefly states that his mother is 78 years old, uses a walker, and
23 has a pacemaker.  (Doc. 54 at 44–45.)  Importantly, the motion does not allege that Barajas-
24 Guerrero's mother is fully incapable of caring for herself.  It also does not allege that Barajas-
25 Guerrero is the only person who could provide whatever care his mother does need; in fact, an
26 exhibit to the motion reveals that Barajas-Guerrero has a 54-year-old sister.  (Doc. 54 at 8.)
27 Nowhere does Barajas-Guerrero allege that his sister is unable to provide his mother care.
28 Barajas-Guerrero's family situation is therefore not an "extraordinary and compelling"

circumstance. Many inmates have aging parents with various ailments. If a sick parent—absent truly extraordinary circumstances—was considered a compelling reason, virtually every inmate seeking a sentence reduction on this ground could produce one.

**C.     § 3553(a) Factors**

Because the Court concludes that Barajas-Guerrero's request is not supported by "extraordinary and compelling" reasons, the Court need not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

## CONCLUSION

For the reasons discussed above, Barajas-Guerrero's motion for compassionate release (Doc. 54) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 4, 2023**

_____
UNITED STATES DISTRICT JUDGE