UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:17-cr-00148 JLT SKO |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| RUBEN BARAJAS-GUERRERO, | (Doc. 65) |
| Defendant. | |

Ruben Barajas-Guerrero is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the recent retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (*See generally* Doc. 65.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because he was assigned criminal history points and no status points. (Doc. 69.) Defendant did not file a reply. For the reasons set forth below, the motion is **DENIED**.

I.      **Relevant Background**

In September 2017, pursuant to a written plea agreement, Ruben Barajas-Guerrero pled guilty to one count of possession with intent to distribute 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Docs. 12, 14.) Following Defendant's guilty plea, a presentence investigation report was prepared by the probation officer, which indicated a total offense level of 34

and a criminal history score of 9, based on Defendant's prior convictions. (*See* PSR, Doc. 16 ¶¶ 26, 33.) No status points were assigned. (*See* PSR ¶¶ 33-34.) According to the sentencing table at U.S.S.G. Chapter 5, Part A, Defendant's criminal history score placed him in criminal history category IV. (PSR ¶ 34.) However, the PSR indicated Defendant is a career offender, adjusting his criminal history category to VI pursuant to U.S.S.G. § 4B1.1(b). (PSR ¶ 34.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 262 to 327 months. (PSR ¶ 58.) The Court held a sentencing hearing on December 18, 2017. (*See generally* Docs. 17, 25.) The sentencing judge imposed a sentence of 262 months followed by a 60-month term of supervised release, to be unsupervised if Defendant is deported. (Doc. 25 at 3:8-11, 3:16-18; Doc. 18 at 2, 3.)

## II. Legal Standard

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). To determine if a prisoner is eligible for relief under § 3582(c)(2), courts conduct a two-step inquiry. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the U.S. Sentencing Commission's policy statement in U.S.S.G § 1B1.10." *Id*. This is done by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). Second, the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine if "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## III. Analysis

Defendant asks the Court to reduce his sentence under Part A of Amendment 821 to the U.S.

Sentencing Guidelines. (*See* Doc. 65.) Part A reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. However, Defendant was not assigned any status points, (*see* PSR ¶¶ 33-34), and thus, he does not qualify for a status point adjustment under § 4A1.1 because he did not receive any status points in the first instance. Accordingly, because Amendment 821 does not impact Defendant's sentencing guideline range, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

**IV.   Conclusion and Order**

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 65), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 7, 2024**

_____
UNITED STATES DISTRICT JUDGE

3