UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUBEN BARAJAS-GUERRERO,<br><br>　　　　　Defendant. | Case No.: 1:17-cr-00148 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR CORRECTION OF SENTENCE UNDER 18 U.S.C. § 3742<br><br>(Doc. 68) |

　　　　In September 2017, Ruben Barajas-Guerrero pled guilty to one count of possession with intent to distribute 50 grams or more of actual methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. 12.) On December 18, 2017, Chief United States District Judge, Lawrence J. O'Neill, sentenced Barajas-Guerrero to a term of imprisonment of 262 months. (Doc. 18; Doc. 25 at 3.) Barajas-Guerrero did not appeal his sentence, conviction, or plea.

　　　　Barajas-Guerrero now moves to correct his sentence pursuant to 18 U.S.C. § 3742, which "provides for appeal of an otherwise final sentence to the Ninth Circuit, or to a district judge in the event the sentence was imposed by a magistrate judge." *United States v. McKesson*, 2024 WL 1557769, at *1 (E.D. Cal. Apr. 10, 2024), *report and recommendation adopted*, 2024 WL 4203360 (E.D. Cal. Sept. 16, 2024) (citing 18 U.S.C. § 3742(a), (h)). Because Barajas-Guerrero was sentenced by a district judge, this Court does not have authority to grant relief under § 3742. *Id.*

Insofar as Barajas-Guerrero seeks relief under 28 U.S.C. § 2255, this is also improper. In July 2018, Barajas-Guerrero submitted a motion for relief under § 2255 on the grounds that he received ineffective assistance of counsel during his plea process. (Doc. 21.) The Court denied this motion. (Doc. 51.) In April 2023, Barajas-Guerrero filed another motion under § 2255, alleging that he received ineffective assistance of counsel (on grounds unaddressed by his previous motion) and that his plea agreement was not knowing and voluntary. (Doc. 60.) This motion was also denied. (Doc. 63.)

The Antiterrorism and Effective Death Penalty Act "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255, and [he] may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). 28 U.S.C. § 2255(h) provides that a second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A). "If the petitioner does not first obtain [Ninth Circuit] authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061.

Barajas-Guerrero has not demonstrated that he received authorization from the Ninth Circuit to file a second or successive § 2255 petition. Indeed, he has not even alleged that he requested such authorization. Barajas-Guerrero has also not demonstrated that his recent motion is based on "newly discovered evidence or "a new rule of constitutional law." 28 U.S.C. § 2255(h). As a result, this Court lacks jurisdiction to consider Barajas-Guerrero's request for relief under 28 US.C. § 2255. Therefore, the Court must dismiss the motion. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction); *Washington*, 653 F.3d at 1065 (holding that the district court lacked jurisdiction to entertain the petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion).

Based upon the foregoing, Barajas-Guerrero's motion (Doc. 68) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 7, 2024**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE